[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought a two count action against the defendants. Count one is a replevin action and count two is a conversion action. The defendants have filed a counterclaim seeking damages against the plaintiff.
The court finds the following facts.
The plaintiff, Sports Merchandising Concepts, Inc., has an exclusive license agreement with the National Football League to produce, manufacture, distribute and sell N.F.L. team helmet clocks, magnet clock replicas and team travel alarm clocks throughout the United States. In July of 1993, the plaintiff subcontracted with the defendants for the defendants to manufacture, produce and distribute the said helmet clocks CT Page 6498 and magnet replicas at the defendants' facility located at 16 East Franklin Street, Danbury, Connecticut, in quantities specified by the plaintiff. From August, 1993 to July, 1995, the plaintiff purchased goods and materials and caused such goods and materials to be delivered to the defendants for the purpose of the defendants producing, manufacturing and shipping the said N.F.L. team helmet clocks and magnet clock replicas to the plaintiff's customers. The defendants, without authority from the plaintiff, sold said helmets and clock magnets to persons and companies other than the plaintiff's customers and thereby converted the same and the proceeds thereof to their own use. At the time this suit commenced, the defendants were in possession of N.F.L. team helmet clocks. The plaintiff has demanded the sale proceeds and the N.F.L. team helmet clocks and magnet clock replicas that were in the defendants' possession, and the defendants have failed and refused to return the same to the plaintiff thereby converting the same to their own use. The defendants have been paid in full for all of the helmet clocks and magnet clock replicas that the defendants manufactured for the plaintiff. The agreement between the parties was for the plaintiff to pay the defendants $4 for each helmet clock manufactured by the defendant, payable $2 upon completion of manufacture and $2 upon shipment. The parties are in dispute as to whether the defendants have accounted for all of the helmet clocks manufactured by them. Prior to entering into the agreement with the defendants for the manufacture of the N.F.L. items in question, the plaintiff had helmet clocks manufactured in Texas. The plaintiff had an inventory of Texas helmet clocks and other N.F.L. items that the plaintiff arranged to have the defendants bring to the defendants' manufacture location in Danbury, Connecticut. The plaintiff paid the agreed upon expenses to the defendants for returning the N.F.L. items in question to Connecticut. The inventory of N.F.L. items returned to Connecticut from Texas included 1604 helmet clocks. The plaintiff sold 1000 of the "Texas" helmet clocks for $9 to $10 per clock. The newly manufactured helmet clocks were sold by the plaintiff to various retailers throughout the United States at $19.95 per helmet clock. As part of the first count sounding in replevin, the plaintiff removed from the defendants' premises 738 helmet clocks. The court finds that the plaintiff has failed to prove by a fair preponderance of the evidence how many of those 738 helmet clocks were "Texas" clocks or were newly manufactured clocks. The court finds that the fair market value of the Texas clocks is $10 per clock, and that the fair market value of the remaining clocks that have been unaccounted for by the defendants and converted by them is $19.95 per clock.
The parties are in dispute as to whether the defendants have converted any of the helmet clocks manufactured by them or any of the helmet clocks that were shipped from Texas and stored by them. The court finds from the evidence presented that the defendants have converted CT Page 6499 to their own use a total of 3619 helmet clocks. Of that total, the court finds that 604 are helmet clocks shipped from Texas, and that the remaining balance of 3015 are helmet clocks manufactured by the defendants. The total damages sustained by the plaintiff, as a result of the defendants conversion of helmet clocks, therefore, is 604 times $10 for the converted Texas helmet clocks, plus 3015 times $19.95 for the converted new helmet clocks manufactured by the defendants for a total of $66,189.25.
Judgment may enter for the plaintiff in the amount of $66,189.25 plus costs.
Axelrod, J.